DEBORAH M. SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: audrey.renschen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:05-cr-006-RRB |
| | ) |
| Plaintiff, | ) GOVERNMENT'S SENTENCING |
| | ) MEMORANDUM AND MOTION |
| vs. | ) UNDER U.S.S.G. § 3E1.1(b) FOR |
| | ) TIMELY ACCEPTANCE OF |
| JEREMY EARLE DINSMORE, | ) RESPONSIBILITY |
| | ) |
| Defendant. | ) |
| | ) |

The United States by Assistant United States Attorney Audrey J. Renschen, hereby submits this memorandum for the Imposition of Sentence hearing presently scheduled in Juneau on Tuesday, February 7, 2006, at 9:00 a.m.

Pursuant to the written plea agreement between the parties, the defendant pled guilty to Count 5 of the Indictment, which charges him with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In exchange for the defendant's plea, the United States conditionally agreed to dismiss

Counts 1-4 of the Indictment, after imposition of sentence .

**Conditions of Dismissals**

The conditions upon which the dismissals are based are:

- that there is no evidence of the defendant having had any actual sexual contact with children,

- that the defendant successfully completes in-patient sexual addiction treatment at the Meadows before his sentencing,

- that the defendant agrees to disclose to the Court the September 9, 2005, testing and analysis report of Dr. Bruce Smith, and

- that the defendant agrees to disclose to the Court a complete report of his treatment and responses during his in-patient therapy at the Meadows, along with therapists' stated prognosis for Dinsmore's future.

Those conditions have been met, and the United States will orally move for the dismissal of Counts 1-4 at the completion of sentencing.

**The Agreed-Upon Sentence**

The parties further agreed that the sentencing range would be between 36-63 months, with a 15-year term of supervised release, with standard and special conditions, including, but not limited to:

- sex offender registration;

- sex offender treatment;

- physiological testing such as polygraph and penile plethysmograph, as part of his sex offender treatment and monitoring;
- no unsupervised contact with any minor children;
- no access to any computer of any kind, without the written permission of his probation agent; and
- no access to the Internet or any Internet-capable devices, such as cell phones, personal digital assistants (PDAs), gaming devices, etc., without the written permission of his probation agent.

**Voluntary Forfeiture**

Finally, the parties agreed that Dinsmore is the sole owner of all legal right, title, and interest in the following property, and that he agrees to abandon any and all interest in, and voluntarily forfeit the following property:

- his Dell Inspiron Laptop Computer #JRM3521, and
- any and all other computer storage media seized that contain depictions, descriptions, or details of sexually explicit conduct involving minors.

**Acceptance of Responsibility**

The United States is moving for acceptance of responsibility points under U.S.S.G. § 3E1.1(b), and recommends that Mr. Dinsmore receive the full 3 point reduction for acceptance of responsibility.

**The Presentence Report Findings**

The United States agrees with the findings set forth in the Presentence Report. The Defendant merits an offense level of 24, a criminal history level I, and a sentencing range of 51-63 months.

**Recommendation**

The United States is **recommending a bottom-range sentence of 51 months**.

The low end recommendation is based on the defendant's age, and his willingness for and successful completion of the Meadows treatment program. Mr. Dinsmore has been honest and forthright about his criminal involvement in uploading, downloading, and possessing child pornography, and based on the unusual nature of his circumstances, the United States believes that he deserves a mitigated sentence.

Mr. Dinsmore appears to need continuing and extremely specific monitoring upon his release, if the Meadows intervention and anticipated Butner treatment are to impact him significantly. As well noted by Dr. Bruce Smith, Mr. Dinsmore is a danger to the community, and requires long term and careful supervision. Mr. Dinsmore appears to recognize he is a danger and seems to want to change, so he

seems to be on-track for the future.

The United States also recommends that this Court follow the specific supervision conditions recommended by Mr. Astle, the Presentence Report writer, that incorporate and complement the agreed upon conditions of supervised release.

RESPECTFULLY SUBMITTED THIS 1st day of February, 2006, at Anchorage, Alaska.

                DEBORAH M. SMITH
                Acting United States Attorney

                s/ Audrey J. Renschen
                Assistant U.S. Attorney
                222 West 7th Ave., #9, Rm. 253
                Anchorage, AK 99513-7567
                Phone: (907) 271-3380
                Fax: (907) 271-1500
                E-mail: audrey.renschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1st, 2006,
a copy of the foregoing was served
electronically on Louis Menendez and delivered
to Timothy Astle via the USPO pickup box at the
U.S. Attorney's Office

s/ Audrey J. Renschen