LOUIS JAMES MENENDEZ, ESQ. (ABA # 7811118)
227 7th Street
Juneau, Alaska 99801
Telephone: 907/ 586-5996
FAX: 907/ 586-2206

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **SENTENCING** |
| ) | **MEMORANDUM** |
| JEREMY EARLE DINSMORE ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | Case No. 3:05-cr-006 RRB |

COMES NOW the defendant JEREMY EARLE DISMORE, by and through his attorney, Louis James Menendez, Esq., and submits this Sentencing Memorandum.

Mr. Dinsmore's life was on a risky downhill slide prior to his arrest in this case. It could be said that the onset of this prosecution and all that followed was the best thing that could have happened to Mr. Dinsmore.

There is no dispute as to the guideline ranges in this case.  There is also no dispute as to the seriousness of Mr. Dinsmore's crimes. That said, Mr. Dinsmore has bargained with the Government for a sentence of imprisonment within the agreed-

upon range of 36 to 63 months. Mr. Dinsmore is indebted to the Government for the just resolution of the case. Together and separately, the parties have worked extremely hard to get to this point. The components of the plea agreement between Mr. Dinsmore and the Government address all the factors that this Court must consider in imposing a sentence. See 18 USC sec. 3553(a). Mr. Dinsmore asks this court to impose a sentence of no more than 36 months of imprisonment.

   Mr. Dinsmore is a young man without a criminal history. Mr. Dinsmore lives with his parents. At first glace, Mr. Dinsmore's manner can appear odd or curious.  In the past, Mr. Dinsmore has labelled himself a "geek" or a "nerd." Mr. Dinsmore's crimes have as much to do with his emotional and psychological dysfunction as anything else. For several reasons, some of which have nothing to do with Mr. Dinsmore, Mr. Dinsmore was and still is emotionally and psychologically stunted. Within that disturbing mix, for Mr. Dinsmore (and his contemporaries) comes a tidal wave of pornography on the Web that has created challenges that never existed before in America's courts or families. Much has changed on the American landscape in the past decade. Young people are exposed to inappropriate computer images at early ages, when their brains are going thorough profound development changes. Authorities and parents are caught off guard.  At the cost of developing normal skills of social interaction, young people become experts at manipulating the Web. Young people move rapidly without difficulty from computer

games, to adult nudity, to adult pornography, to sexual violence, to child pornography, and more. Filters mean little or nothing. In terms of gamesmanship -- the search comes to equal the prize. Within the isolated bedrooms and lives of many of America's young people, boundaries evaporate (if they ever had the opportunity to be built) as the vilest of images are viewed and traded. They are not shocked. As in this case, during anonymous and faceless computer "chats," words such are paedophile are tossed about with little or no understanding -- much less shame.

The journey from Mr. Dinsmore's arrest to the filed plea agreement bargain was disciplined and orderly. Step by step, the defense and the Government posited proposals and commitments regarding the case's conclusion. Outcomes were weighed with an eye to the best needs for Mr. Dinsmore and society. Early in the process, in the absence of any implicit or explicit agreement, Mr. Dinsmore did all he could do to demonstrate his willingness to recognize his wrongs and assist the Government. Mr. Dinsmore travelled to Anchorage from Ketchikan where the Government's agent debriefed him. Next, the defense retained Dr. Bruce Smith, Ph.D., to examine Mr. Dinsmore. Dr. Smith is a recognized expert in the areas of sexual misconduct and dysfunction. Mr. Dinsmore travelled to Anchorage, this time with his father, where Dr. Smith examined him. Dr. Smith wrote a report that was shared with the Government. Next, the defense arranged for a telephonic interview between Dr. Smith and the Government. Dr. Smith

recommended Mr. Dinsmore's entry at the in-patient treatment facility at The Meadows. The defense contacted The Meadows. Prior to admission, The Meadows reviewed Dr. Smith's report and interviewed Mr. Dinsmore. A short time later, Mr. Dinsmore was accepted at The Meadows. Before Mr. Dinsmore stepped through the front door of The Meadows, he agreed to the release of his file to the Government and this Court -- be it helpful or not to his case. Mr. Dinsmore successfully completed the program at The Meadows.[1]

Finally, with all that said, the matter for this Court is within the agreed upon 36 - 63 month range -- how long should Mr. Dinsmore remain in a prison? There are two "givens" in this case: Mr. Dinsmore is going to prison as a young man and Mr. Dinsmore will leave prison as a young man. How long he is in prison and his willingness to continue in his rehabilitation may well impact whether his re-entry into society is successful or not. The defense anticipates that neither the Government nor Mr. Astle, the author of the presentence report, will dispute that Mr. Dinsmore is a changed young man. At the moment, Mr. Dinsmore is a mentally and physically healthier young man than at the time of his arrest. Mr. Dinsmore is remorseful and has finally come to recognize the wrongfulness of his crimes. He has been given skills to deal with the matters that bring him before this Court.

---

[1] After several efforts, because of the length (approximately 109 pages) of the confidential attachment, counsel was unable to electronically file the attachment. The confidential attachment will be filed by hand in Anchorage by counsel or counsel for the Government,

Again, through no easy effort, a plea agreement was struck between Mr. Dinsmore and the Government. Among other factors, agreement speaks to social condemnation of Mr. Dinsmore's crimes, the protection of society, and Mr. Dinsmore's rehabilitation. The success of the plea agreement when it was first proposed had everything to do with Mr. Dinsmore. The life success of Mr. Dinsmore has everything to do with Mr. Dinsmore. If the brief history of Mr. Dinsmore's prosecution is any indication of the future, this Court's reliance on Mr. Dinsmore to continue in his rehabilitation and not again commit crimes -- appears to be a reasonable and yet guarded course of action. Mr. Dinsmore asks this Court for the opportunity to demonstrate that this Court's trust will not be misplaced. Mr. Dinsmore asks this Court to impose a sentence of no more than 36 months.

RESPECTFULLY SUBMITTED THIS at Juneau Alaska, this 1st day of February 2006.

s/vajyj*54
_____
Louis James Menendez, Esq.
227 7th Street
Juneau, Alaska 99801
Telephone: 907/ 586-5996
FAX: 907/ 586-2206
ljmak@ptialaska.net
ABA # 7811118

I certify that a true and
correct copy of the foregoing
were served on
Audrey Renschen, Esq.,
counsel of record for
the Government via fax

Sentencing Memorandum
Case No. 3:05-cr-006  RRB
February 1, 2006

5

on the 1st day of February 2006 at
the following location:


Office of the United States Attorney
222 W. 7th Avenue
Anchorage, Alaska 99513-7564