MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

U.S.A. vs. JEREMY EARLE DINSMORE    CASE NO. 1:05cr00006 RRB
Defendant: X  Present X On Bond

BEFORE THE HONORABLE:    RALPH R. BEISTLINE

DEPUTY CLERK/RECORDER:    SUSAN EVANS

UNITED STATES' ATTORNEY: AUDREY J. RENSCHEN*

DEFENDANT'S ATTORNEY:    LOUIS J. MENENDEZ

U.S.P.O.:                TIM ASTLE*
*  Telephonic Appearance

PROCEEDINGS: IMPOSITION OF SENTENCE   HELD: February 7, 2005
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
At 9:02 a.m. court convened.

X Notice of Appeal form given to defendant.

X Court and Counsel heard re: Imposition of Sentence.

X Court stated findings/reasons pursuant to sentencing
  guidelines.

X Imprisoned for a period of 40 months on count 5 of the
Indictment. Court recommends to the Bureau of Prisons that the
defendant be placed at a minimum security facility at Butner, North
Carolina. Court recommends residential sexual offender treatment
program.

X Defendant to serve term of supervised release of    15
  years, under the usual terms and conditions and the following
  special conditions:

1.  The defendant shall cooperate in the collection of a DNA
    sample from the defendant as directed by the probation
    officer.

2.  The defendant shall submit to a warrantless search of
    person, residence, vehicle, personal effects, place of
    employment, and other property by a federal probation or
    pretrial services officer or other law enforcement officer,
    based upon reasonable suspicion of contraband or a violation
    of a condition of supervision.  Failure to submit to a
    search may be grounds for revocation.

CONTINUED ON PAGE 2

DATE: February 7, 2006            DEPUTY CLERK'S INITIALS:    SE

```
               CONTINUATION - PAGE 2
       U.S.A vs. JEREMY EARLE DINSMORE 1:05cr00006 RRB
                  IMPOSITION OF SENTENCE
                     February 7, 2006
```

3.   The defendant shall not possess a firearm, destructive device or other weapon.

4. The defendant shall not own or possess a camera, any photographic device, and/or equipment (including video recording equipment), without the written approval of the probation officer.

5. The defendant shall not possess or use a computer or cellular telephone with access to any on-line service at any time (including employment) without prior written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, e-mail system, or any public or private computer network system. The defendant shall permit routine inspection of his computer system or any other computer system maintained at the defendant's residence to include hard drives and any media storage materials, to confirm adherence to this condition. The inspection shall be no more intrusive than is necessary to ensure compliance with the defendant's conditions of supervision. The defendant shall inform his employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provisions of the condition.

6. The defendant shall provide the probation officer with any requested financial information to verify there have been no payments to an Internet Service Provider or entities that provide access to the Internet via computer, cell phone, PDA, or other electronic media device.

7. The defendant shall have no contact with any person under the age of 18 years, nor attempt contact except under circumstances approved in advance and in writing by the probation officer in consultation with the defendant's treatment provider.

8. The defendant shall not seek employment, engage in leisure activities or loiter near places designated primarily for minors such as schools, parks, and arcades, which may bring the defendant into contact with any person under the age of 18 years. Contact is defined as any transaction occurring face to face, over the telephone, via mail, over the internet, and any third party communication.

CONTINUED ON PAGE 3
DATE: February 7, 2006            DEPUTY CLERK'S INITIALS:    SE

```
             CONTINUATION - PAGE 3
      U.S.A vs. JEREMY EARLE DINSMORE 1:05cr00006 RRB
                IMPOSITION OF SENTENCE
                   February 7, 2006
```

9.  The defendant shall not be employed in any capacity which may cause the defendant to come in direct contact with children, except under circumstances approved in advance by the supervising probation officer.  The defendant shall not participate in any volunteer activity that may cause the defendant to come into direct contact with children, except under circumstances approved in advance by the defendant's probation officer.

10. The defendant shall not possess any material showing sexually explicit conduct deemed inappropriate by his probation officer and/or treatment provider, or patronize any place where such material or entertainment is available.

11. The defendant shall conform with sex offender registration laws and other laws which exist in any jurisdiction where he resides or visits, within 24 hours of release on supervision or any change in circumstances.

12. The defendant shall submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband, a violation of a condition of supervision, or a violation  of law. Contraband includes but is not limited too, any computers, electronic media, videotapes, CD's, DVD's, Zip drives, PDA's or other electronic media storage device that may include images of child pornography.  Failure to submit to a search may be grounds for revocation.

13.  The defendant shall participate in a program of sex offender assessment and treatment, as directed by the probation officer, until such time as he is released from the program.  This assessment and treatment may include physiological testing to assist in planning, case monitoring, and supervision.  At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of release. The defendant shall waive his right of confidentiality in treatment and sign any necessary releases for any records imposed as a consequence of this judgment to allow the supervising United States Probation Officer to review the defendant's course of treatment and progress with the treatment provider(s).

CONTINUED ON PAGE 4

DATE: February 7, 2006            DEPUTY CLERK'S INITIALS:    SE

CONTINUATION - PAGE 4
U.S.A. vs. JEREMY EARLE DINSMORE 1:05cr00006 RRB
IMPOSITION OF SENTENCE
February 7, 2006

X Special Assessment $100.00, due immediately.

Other: Government counsel made an Oral Motion to Dismiss Counts 1, 2, and 3 of the Indictment. Count 4 previously dismissed. Defendant to surrender for service of sentence at the facility designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Officer.

At 9:34 a.m. court adjourned.

DATE: February 7, 2006           DEPUTY CLERK'S INITIALS:   SE